70 F.3d 1280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard Howard SMITH, Plaintiff-Appellant,
v.
PIERCE COUNTY; Pierce County Sheriffs Department; John
Shields, in his capacity as Pierce County sheriff
and as an individual;, Defendants-Appellees.
 No. 95-35280.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 20, 1995.*
Decided Nov. 24, 1995.
 
 Before: PREGERSON, NORRIS and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Howard Smith, a federal prisoner, appeals pro se the district court's 28 U.S.C. Sec. 1915(d) dismissal of defendants Pierce County and Pierce County Sheriff's Office, and its grant of summary judgment in favor of defendant Sheriff John Shields in Smith's 42 U.S.C. Sec. 1983 action alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. Sec. 1291. We review the district court's Sec. 1915(d) dismissal of an action as frivolous for an abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33 (1992). We review de novo its grant of summary judgment. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). We vacate and remand.
 
 
 3
 * Sec. 1915(d) Dismissal of County and Sheriff's Office
 
 
 4
 The district court dismissed Smith's Sec. 1983 claim against Pierce County and the Pierce County Sheriff's office pursuant to 28 U.S.C. Sec. 1915(d) because Smith alleged liability based upon their employees' failure to follow official policy. See Monnell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978) (holding that local governmental entities are not subject to liability under Sec. 1983 based upon a theory of respondeat superior). Before dismissing a complaint pursuant to section 1915(d), however, the district court must give pro se litigants an opportunity to amend their complaint unless it is absolutely clear that no amendment could cure the defect. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). Because Smith may have been able to amend his complaint to cure this defect, we conclude that the district court abused its discretion by dismissing this claim. See id.
 
 II
 Summary Judgment for Shields
 
 5
 Before entering summary judgment, "[d]istrict courts are obligated to advise prisoner pro se litigants of [Fed.R.Civ.P.] 56 requirements." Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). The district court must advise a pro se prisoner that he or she must submit responsive evidence in opposition to a summary judgment motion. See id. at 411; accord Arreola v. Mangaong, 65 F.3d 801, 802 (1995). A court may not avoid giving the required advice based on a determination that a prisoner has the requisite sophistication in legal matters. See Klingele, 849 F.2d at 411.
 
 
 6
 Here, a review of the record reveals that the district court failed to advise Smith that, under Fed.R.Civ.P. 56(e), he had to submit responsive evidence to survive the defendant's motion for summary judgment. Accordingly, we vacate the district court's grant of summary judgment. See Klingele, 849 F.2d at 411-12. On remand, the district court should advise Smith of the Rule 56 requirements and give him an opportunity to respond to defendant's summary judgment motion.[1] See id.
 
 
 7
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we vacate and remand to allow Smith to oppose the summary judgment motion, we do not reach the district court's ruling on the merits of Smith's claims